**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DEMARCO GREGORY JAMES,

    Petitioner,

    v.

STATE OF MARYLAND,

    Respondent.

Civil Action No.:  RDB-18-1837

**MEMORANDUM OPINION**

In response to the above-entitled Petition for Writ of Habeas Corpus, Respondent asserts the claims are procedurally defaulted, requiring dismissal of the petition without addressing the merits of the claims.  ECF 5.  Petitioner Demarco James filed a Reply asserting that since his claims were presented to the highest Maryland court with jurisdiction to hear them, they are not procedurally defaulted.  ECF 15.  No hearing is required for the disposition of the pending matters. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018);  *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).  For the reasons that follow, the petition is dismissed and a certificate of appealability shall not issue.

**BACKGROUND**

Demarco James was tried and convicted by a jury sitting in the Circuit Court for Prince George's County Maryland on charges of first degree murder, felony murder, first-degree assault, unlawful possession of a regulated firearm, burglary, conspiracy to commit burglary, and use of a firearm in the commission of a crime of violence in connection with the August 11, 2013 shooting death of Michael Reese.  ECF 5-1 at 98 (Md. Court of Special Appeals unreported opinion).  James

was sentenced to serve a term of life for the murder charge, 20 years consecutive for the unlawful

possession of a firearm, and two concurrent 20 year terms for conspiracy to commit burglary and

use of a firearm. *Id*. The facts established at trial were summarized by the appellate court as

follows:

> On August 11, 2013, at approximately 5:45 a.m., James arrived at the home of
> Faith Taylor, accompanied by James's brother Vincent Martin. Residents of
> Faith Taylor's home included Marietta Taylor (Faith Taylor's 28-year old
> daughter, who was the mother of James's child) and Vincent Martin (who was
> James's brother). Faith Taylor attempted to prevent James from entering the
> home by blocking the door, but James pushed past her and immediately
> proceeded upstairs to Marietta's bedroom. When James entered the bedroom,
> Marietta was in bed with her current love interest, Michael Reese. James woke
> Marietta Taylor by tapping her shoulder. He then said to her, "I told you," before
> shooting Reese once above the collarbone and once in the chest.
>
> James then ran downstairs and left, with Martin, in Marietta Taylor's vehicle.
> Reese died from his wounds.

ECF 5-1 at 98-99.

James filed a direct appeal with the Maryland Court of Special Appeals raising three

questions: (1) was it error when the trial court failed to propound to the venire two questions

requested by defense counsel (2) did the trial court err when it admitted hearsay evidence and (3)

did the trial court err when it allowed the State to put on other crimes evidence. ECF 5-1 at 21. In

an unpublished opinion dated March 9, 2017, the Court of Special Appeals affirmed James'

convictions having found no error. *See James v. Maryland*, 2017 WL 933164, No. 15-272 (Md.

Ct. Spec. App., March 9, 2017); ECF 5-1 at 97-118. The mandate issued on April 10, 2017. ECF

5-1 at 119.

In its opinion the Court of Special Appeals found only one of James' objections to the voir

dire questions was preserved for appellate review. Trial counsel's interaction with the trial court

regarding the voir dire questions was as follows:

THE COURT: That is it for the questions I intend to pose on voir dire. Any exceptions to the court's voir dire?

[DEFENSE COUNSEL]: Your Honor, **I would be asking for the standard question of victim to a crime**, witness ---

THE COURT: It is no longer standard. The court --- yes, you are requesting the victim question?

[DEFENSE COUNSEL]: Yes

THE COURT: In the ancient form.

[DEFENSE COUNSEL]: I still feel it is a good appropriate form.  I would be asking for that question.

THE COURT: I am not going to give the question in the former form.  **You need to articulate whatever it is that may be. Here is a copy of your voir dire.**

[DEFENSE COUNSEL]: **Question number 11**.

THE COURT: Let me see.

[DEFENSE COUNSEL]: I just feel like tons of people have been listening to Serial, the Podcast. It is all about whether someone is innocent or guilty.

THE COURT: **I'm not giving that in that form.  Your exception to me not giving it is noted.**

[THE STATE]: No exceptions from the State.

ECF 5-1 at 99-100 (emphasis in original).

In finding that James' claim regarding the victim of a crime question, referred to as question 6, was not preserved for review, the Court of Special Appeals premised its opinion on Md. Rule 4-323(c), which governs objections during jury selection, and its prior opinion in *Benton v. State*, 224 Md. App. 612 (2015).  ECF 5-1 at 101- 103.  The court reasoned that:

> [D]efense counsel  . . . did *not* articulate to the trial judge a specific request to ask whether any juror had been convicted of a disqualifying crime.  Instead, when asked to provide specificity for his objection, counsel said nothing further about convictions.  When the trial court sought clarification as to what question defense counsel was requesting, the response focused on question 11, which was

a question related to the burden of proof.  Under the circumstances, James did not adequately apprise the trial judge that he was objecting to the court's failure to ask about convictions, and James's present argument as to his proposed question 6(d) is unpreserved..

ECF 5-1 at 103.  Because the issue was not preserved for appellate review, the merits of the claim regarding question 6 were not reached.

With respect to the preserved issued regarding presumption of innocence and the State's burden of proof, referred to as question 11, the Court of Special Appeals characterized the question as one asking "whether the jurors would comply with the court's instructions regarding presumption of innocence and the State's burden of proof."  *Id*. at 104.  This claim was rejected on the basis of well-established Maryland precedent holding that it is not an abuse of discretion for a trial judge to refuse to propound a question to the jury relating to the presumption of innocence and burden of proof.  *Id*, citing *Twining v. State*, 234 Md. 97 (1964).  The Court of Special Appeals reasoned that:

> The Court of Appeals has repeatedly held that, in Maryland, "the sole purpose of *voir dire* 'is to ensure a fair and impartial jury by determining the existence of [specific] cause for disqualification[.]'" *Pearson v. State*, 437 Md. 350, 356 (2014) (quoting *Washington v. State*, 425 Md. 306, 312 (2012)).  Therefore, a trial court is required to ask a proposed voir dire question "if and only if the *voir dire* question is 'reasonably likely to reveal [specific] cause for disqualification[.]'" *Id*. at 35l (quoting *Washington*, 425 Md. at 313).
>
> The Court of Appeals has identified two types of inquiry suitable for uncovering a specific cause for disqualification: 1) questions designed to determine whether a prospective juror meets the minimum statutory qualifications for jury service; and 2) questions designed to discover a prospective juror's state of mind regarding any matter reasonably likely to have undue influence over him. *Washington*, 425 Md. at 313.  Although the breadth of matters "reasonably likely to have undue influence" over a juror is, in theory, rather broad, the Court of Appeals has indicated that such inquiries should be limited to those biases "directly related to the crime, the witnesses, or the defendant[.]" *Dingle v. State*, 361 Md. 1, 10 (2000).
>
> A trial court does not abuse its discretion by refusing to ask voir dire questions that are not directed at a specific ground for disqualification, that merely fish for

information to assist in the exercise of peremptory challenges, that probe the prospective juror's knowledge of the law, that ask a juror to make a specific commitment, or that address sentencing considerations. *Pearson*, *supra*, 437 Md. at 357; *State v. Shim*, 418 Md. 37 , 44-45 (2011); *Stewart v. State*, 399 Md. 146,162 (2007).

ECF 5-1 at 104-105. James' argument that the proposed voir dire question was designed to discover potential biases making it error for the trial court to decline to propound it, was rejected by the appellate court because Maryland law makes clear that "voir dire is not the appropriate time to instruct the jury on the law applicable to the case." *Id*. at 107, quoting *State v. Logan*, 394 Md. 378, 398-99 (2006).

On April 20, 2017, James filed a Petition for Writ of Certiorari, seeking certiorari review with the Maryland Court of Appeals. ECF 5-1 at 121-132. James raised only the claim regarding the unpreserved claim regarding proposed question 6 in his petition. *Id*. The petition was denied on June 21, 2017. *Id*. at 133. James has not filed a petition for post-conviction relief.

In the petition filed with this Court James asserts that the trial court erred when it failed to "propound to the venire two of . . . James' requested voir dire questions" concerning whether potential jurors were ever a victim or a witness to a crime (ECF 1 at 5), and whether potential jurors were cognizant of the presumption of innocence and the required burden of proof in a criminal trial (*id*. at 7). Respondent asserts that both claims are procedurally defaulted for different reasons. ECF 5.

## STANDARD OF REVIEW

This Court may grant a petition for a writ of habeas corpus only to address violations of the United States Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018) *see Wilson v. Corcoran*, 562 U.S. 1, 1 (2010); *Larry v. Branker*, 552 F.3d 356, 368 (4th Cir. 2009) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law

questions.   In conducting habeas review, a federal court is limited to deciding whether a conviction

violated the Constitution, laws, or treaties of the United States.") (quoting *Estelle v. McGuire*, 502

U.S. 62, 67–68 (1991)).

Where a petitioner has failed to present a claim to the highest state court with jurisdiction

to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct

appeal, or by failing to timely note an appeal, the procedural default doctrine applies.  *See Coleman*

*v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477

U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41,

46 (1972) (failure to raise claim during post conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481

(D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief).  A procedural

default also may occur where a state court declines "to consider the merits [of a claim] on the basis

of an adequate and independent state procedural rule."  *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th

Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a  habeas petitioner's
> claim on a state procedural rule, and that procedural rule provides an
> independent and adequate ground for the dismissal, the habeas petitioner has
> procedurally defaulted his federal habeas claim.  *See Coleman v. Thompson*, 501
> U.S. 722, 731-32 (1991).  A procedural default also occurs when a habeas
> petitioner fails to exhaust available state remedies and 'the court to which the
> petitioner would be required to present his claims in order to meet the exhaustion
> requirement would now find the claims procedurally barred.'  *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state

prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice

that would result from failing to consider the claim on the merits, or (2) that failure to consider the

claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is

actually innocent.[1] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620.

"Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts

to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488).

Even where a petitioner fails to show cause and prejudice for a procedural default, a court must

still consider whether it should reach the merits of a petitioner's claims in order to prevent a

fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

### ANALYSIS

James' first claim regarding question 6 is the only claim presented at all stages of his direct

appeal; however, the Court of Special Appeals declined consideration of the merits of this claim

because it was not preserved for review by trial counsel.  The decision not to consider the merits

of the claim is a decision based on an adequate and independent state procedural rule, barring this

Court from considering such a claim for purposes of federal habeas relief. *See Yeatts*, 166 F.3d at

260. James' second claim regarding question 11 was not raised in his petition for writ of certiorari.

Under Maryland law, "an allegation of error is waived when a petitioner could have made but

intelligently and knowingly failed to make the allegation . . . on direct appeal" Md. Code Ann.,

Crim. Proc. § 7-106(b).  Further, there is a rebuttable presumption that the failure to raise an

allegation of error in a prior proceeding was knowingly and intelligently done. *Id*. at § 7106(b)(2).

In the procedural posture of James' state court challenges to his conviction, he no longer has an

---

[1]     Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496.  "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003).  Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).  James has not advanced an actual innocence claim.

avenue to raise the claim regarding question 11, creating a procedural default precluding consideration of the merits of this claim by this Court.

In his Reply, James focuses on exhaustion of the claims presented and offers no cognizable basis to excuse the procedural default of his claims.  ECF 15.  Further, this Court is satisfied that declining to reach the merits of these procedurally defaulted claim will not result in a miscarriage of justice.  James does not include any allegation, either here or in his direct appeal with the Maryland courts, that the failure to propound the questions sought actually resulted in the seating of a juror who was otherwise disqualified to serve as a juror.  His conclusory claim that his Sixth Amendment right to a fair trial was somehow compromised when the jury was not questioned as his trial counsel requested lacks any factual assertions regarding *how* it affected the fairness of his trial.  Accordingly, the Court declines to reach the merits of either claim and dismisses the petition.

**CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

James has not made the requisite showing.  Accordingly, this Court declines to issue a certificate of appealability.  James may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

For the foregoing reasons, the Petition is denied.  A separate Order follows.


___4/30/20_____                    /s/_____
Date                                                                RICHARD D. BENNETT
                                                                     UNITED STATES DISTRICT JUDGE